Judge Underwood
delivered the opinion of the Court.
It seems from the record that the cou»? tj court oi II mry,at the instance of Thompson, had changed a part of the public road leading from “towards Frankfort to Westport.” Crabb desiring to have that part of the road'so changed, re-established upon the same ground from which it had been removed, applied to the county court for an order appointing viewers. Such proceedings were had, that the county court finally re-established or altered the road, so as to throw it upon the ground it originally occupied.
To reverse the final decision of the county court,' Thompson prosecutes a writ of error. The order appointing the viewers, and their report, make out such a case as warranted the court to alter the road, and re-establish it upon the ground it formerly occupied. The order in the language of the law, directed the viewers to report truly and impartially the conveniences and inconveniences which would result, as well to the public as to individuals; and the report declares that the proposed alteration would be of advantage to the public and neighborhood, and of no disadvantage to any individual, and that the road altered as proposed, will benigherand better. So far, there does not appear to us, to be any defect. It is contended, however, that the proceeding was erroneous, because it did not conform to the provisions of the act of 1818, II Digest, 1101, providing for the discontinuance of established roads.- That act does not apply to the present case. There is a palpable distinction between the alteration and the discontinue anee of a public highway. In the one case, the road ‘s hept up, leading to the principal points, to the .court house, ware house, &c. although it may be 'brown bv alterations, on different ground from that on R was’ at located; in the other, itis abolished altogether, the hands are exonerated from keeping it in repair, and it may he stopped up with *223 impunity. The case before us, is one for the alteration, and no1- the discontinuance of a road. The public roads of the several counties, are to be known by regarding the points at which they start, and those where they terminate, according to the original establishment, So considered, there can he no difficulty in distinguishing between the alteration and the discontinuance of a road, either in whole-or part.
It is assigned for error, (hat the viewers were not sworn as required by law, before they examined the ground, or before they made their report, ft appears from the certificate of the justice who administered the oath co Bohannon, one of the viewers, that it was not done until the 13th- of August, 1829, on the day before the court had received the report and acted upon it, by ordering a summons against Thompson, through whose land the road as proposed to be changed would pass. To receive a report from viewers not qualified by taking the oaths prescribed by law, and acting upon it, was clearly erroneous, In strict propriety, the viewers should be sworn before going on the ground. If this is not done, they should at least verify their report by oath before the court art upon if. But upon á careful amination of the bill of exceptions, we cannot find that the certificate of (he justice, shewing the date Bohannon’s qualifications has been made a part of the record. We therefore, think the certificate should be disregarded, which leave the statement of the viewers in their report, that they were sworn before acting the evidence of their qualification on which the court could legitimately act. We perceive no error in the proceedings of the sheriff under the writ of ad quod damnum.
It is lastly assigned for error, that the court did not adjudge to Thompson the damages assessed in his favor by the inquest. The case of Cashweller’s heirs vs. M’Ilvoy, I Mar. 84, is a sufficient answer to this objection.
The order of the county court establishing the proposed alteration of the road, made on the 3rd Nov, 3819, is affirmed.
The defendant in error must recover his costs,
Petition.